IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO. CR422-133 |
| | ) |
| TERRAN L. JONES, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is the Magistrate Judge's March 29, 2023, Report and Recommendation (Doc. 48), to which Defendant Terran L. Jones has filed an objection (Doc. 52). After a careful review of the record,[1] Defendant's objections are **OVERRULED,** and the report and recommendation (Doc. 48) is **ADOPTED** as the Court's opinion in this case. Defendant's Motion to Suppress Evidence from Unconstitutional Search (Doc. 27) is **DENIED.**

### BACKGROUND

Since there is no objection to the factual summary included in background of the report and recommendation, the Court relies on that account and will not repeat it here. (Doc. 48 at 1-6.)

---

[1] The Court reviews de novo a magistrate judge's findings to which a party objects, and the Court reviews for clear error the portions of a report and recommendation to which a party does not object. 28 U.S.C. § 636(b)(1); see Merchant v. Nationwide Recovery Serv., Inc., 440 F. Supp. 3d 1369, 1371 (N.D. Ga. 2020) (outlining the standard of review for report and recommendations (citing Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam))).

Defendant moved to suppress evidence seized from his house pursuant to a search warrant. (Doc. 27.) The Magistrate Judge recommended that Defendant's motion be denied. (Doc. 48 at 21.) Specifically, the Magistrate Judge found that "[t]he affidavit provided Magistrate Judge Cheesbro with a 'substantial basis' for finding probable cause to search [Defendant's] apartment[,]" Defendant's "staleness argument should not render the warrant invalid[,]" and the "Government ha[d] met its burden of demonstrating the applicability of <u>Leon's</u> good faith exception." (<u>Id.</u> at 14, 18, 21.) Although buried throughout what appears to be an effort to reassert the arguments in his motion to suppress, the Court has discerned Defendant's objections to the Magistrate Judge's recommendation, including that probable cause existed for the search, that the execution of the warrant was not stale, and that the "good faith" exception applied, and will address each briefly. (Doc. 52 at 1.)

**ANALYSIS**

I. <u>PROBABLE CAUSE</u>

Defendant attacks the Magistrate Judge's conclusion that the affidavit submitted in support of the search warrant application sufficiently connected Defendant, his suspected criminal activity, and the residence to be searched to establish probable cause. (Doc. 52 at 8-10.) As in his original motion, Defendant urges that the affidavit should have drawn a closer connection between "the

2

suspected contraband" and his home, listing hypothetical facts which could have supported such a connection. (Id. at 9.) In the absence of these hypothetical facts, he characterizes the probable cause as based upon "mere speculation." (Id.)

Defendant misunderstands the standard of review for search warrants. In evaluating whether a search warrant was issued based on probable cause, the Magistrate Judge explained that "[a] reviewing court's task is not to make a de novo finding of probable cause but rather to decide whether the issuing magistrate—whose assessment of the affidavit's factual presentation is entitled to 'great deference'—had a 'substantial basis' for finding probable cause." United States v. Rangel, No. CR417-218, 2018 WL 817845, at *6 (S.D. Ga. Jan. 18, 2018) (quoting Illinois v. Gates, 462 U.S. 213, 236, 238-39, 103 S. Ct. 2317, 2331, 2332, 76 L. Ed. 2d 527 (1983)); see also United States v. Giddens, No. 4:19-cr-111, 2019 WL 6971496, at *1 (S.D. Ga. Dec. 18, 2019) ("[T]he task of a reviewing court is not to make a de novo probable cause determination, but only to determine whether the issuing magistrate had a 'substantial basis' for the probable-cause finding."). Moreover, "[t]he Supreme Court has recognized that '[r]easonable minds frequently may differ' on whether an affidavit establishes probable cause, [and] in order to accommodate the preference for warrants and to avoid perennial reevaluations of those determinations, the original determination is entitled to

3

'great deference.'" Giddens, 2019 WL 6971496, at *1 (emphasis omitted) (quoting United States v. Leon, 468 U.S. 897, 914, 104 S. Ct. 3405, 3416, 82 L. Ed. 2d 677 (1984)).

Under the proper deferential standard, the Magistrate Judge correctly determined that the affidavit in support of the warrant application provided, at least, a substantial basis for finding probable cause to search Defendant's apartment. (Doc. 48 at 8-14.) Defendant repeats his argument that the affidavit provided "mere speculation . . . that [Defendant] ever brought the suspected contraband into his home." (Doc. 52 at 9.) However, the Magistrate Judge pointed to specific facts provided in the affidavit which "directly link[] [Defendant's] suspected criminal behavior with his home." (Doc. 48 at 13.) Specifically, Defendant affirmed he was purchasing the firearms for himself, and he provided his home address on the required forms. (Id.) Defendant's vehicle, which he used to transport at least some of the firearms, was registered to him at that same location. (Id.) And finally, agents observed that same vehicle outside of Defendant's apartment. (Id.)

Despite listing additional, hypothetical facts which might strengthen the probable cause provided by the affidavit, Defendant does not explain why the facts included in the affidavit fall below the required threshold. Additionally, while Defendant faults the agent for "simply guess[ing]" that evidence of Defendant's suspected criminal activity might be found in his home (Doc. 52 at

4


9), he does not address or otherwise challenge the Magistrate Judge's determination that the issuing Magistrate Judge could appropriately consider the agent's "opinions and conclusions . . . about the likelihood that [Defendant] would store the contraband at his residence [] based on her experience as a law enforcement agent[.]" (Doc. 48 at 13-14 (citations omitted).) The Magistrate Judge correctly concluded that the issuing Magistrate had a "substantial basis" for his probable-cause determination, and Defendant's objection does not undermine that conclusion.[2]

## II. STALENESS

Defendant next objects to the Magistrate Judge's recommendation that the search warrant was not based on stale information. (Doc. 52 at 12-14.) Specifically, Defendant aruges the Magistrate Judge did not address the "more relevant" six-week delay between the date Defendant was seen entering his vehicle after purchasing firearms and the date the agent sought the

---

[2] Defendant appears to object to the probable cause analysis in the report and recommendation because the Magistrate Judge acknowledged the Government's argument that "the lack of firearms in [Defendant's] home is also evidence supporting [the Government's] theory of ongoing criminal activity." (Doc. 52 at 10 (quoting Doc. 48 at 18).) However, the Magistrate Judge's acknowledgment of the Government's argument was not offered in support of his conclusion that the affidavit provided a substantial basis for the issuing Magistrate's probable cause determination. (Doc. 48 at 18.) Instead, it was offered to explain why Defendant's own argument about the fleeting nature of the alleged "straw purchases" was unavailing. (Doc. 48 at 18; see also Doc. 52 at 13 (reasserting Defendant's staleness argument based on "[t]he nature of 'straw purchases' ").)

5

warrant, and he repeats his argument that his activity was not "protracted or continuous." (Id. at 13, 15.)

In determining the issue of "staleness" in the context of probable cause, "the information supporting the . . . application for a warrant must show that probable cause exists at the time the warrant issues." United States v. Lopez, 649 F.3d 1222, 1246 (11th Cir. 2011) (citation omitted). However, "[t]here is no particular rule or time limit for when information becomes stale." United States v. Bervaldi, 226 F.3d 1256, 1265 (11th Cir. 2000). "Rather, staleness is an issue which must be decided on the peculiar facts of each case." Id. (internal quotation marks and citations omitted). "In addition to the length of time, courts should consider the 'nature of the suspected crime (discrete crimes or ongoing conspiracy), habits of the accused, character of the items sought, and nature and function of the premises to be searched.'" Id. (quoting United States v. Harris, 20 F.3d 445, 450 (11th Cir. 1994)).

In conducting the required analysis, the Magistrate Judge determined Defendant's suspected criminal activity was "protracted and continuous." (Doc. 48 at 17 (quoting Bervaldi, 226 F.3d at 1265).) As the Eleventh Circuit has explained, if an affidavit details "activity indicating protracted or continuous conduct, time is of less significance." Bervaldi, 226 F.3d at 1265 (quotation omitted). Focusing on either the three weeks that

6

elapsed between the agent learning of Defendant's suspicious conduct and applying for the search warrant, or the six weeks that elapsed between a pawn shop employee witnessing Defendant load suspected contraband into his vehicle and the agent applying for the search warrant, the ongoing conduct—21 firearms purchased on six different occasions in the two months preceding the warrant application—rendered the passage of time less significant. (Doc. 48 at 17.) It was reasonable for the issuing Magistrate to "assume that the activity ha[d] continued beyond the last dates mentioned in the affidavit," such that the three - or even six - weeks that had elapsed did not "dissipate probable cause." United States v. Domme, 753 F.2d 950, 953 (11th Cir. 1985). Staleness does not render the warrant invalid.

### III. GOOD FAITH EXCEPTION

Finally, Defendant challenges the Magistrate Judge's determination that, even if probable cause were lacking, the good faith exception to the exclusionary rule provides an alternative basis to deny the suppression motion. (Doc. 52 at 16-17 (citing Doc. 48 at 20).) Defendant argues that the Magistrate Judge "interprets Leon to require 'sufficiently deliberate' or 'sufficiently culpable' police conduct[.]" (Id. at 16.) And he urges the Court that the exception does not apply here because the agent's conduct was "the sort of deliberate invasion that the exclusionary rule is designed to protect against." (Id. at 16-17

(citing Herring v. United States, 555 U.S. 135, 143, 129 S. Ct. 695, 702, 172 L. Ed. 2d 496 (2009)).)

As the Magistrate Judge explained, in Leon, "the Supreme Court held that officers' objectively reasonable reliance on a warrant removed any practical justification for applying the exclusionary rule." (Doc. 48 at 18 (citing Leon, 468 U.S. at 921, 104 S. Ct. at 3419).) Defendant's disagreement with the issuing Magistrate's probable cause determination does not render the law enforcement agent's reliance on that determination "sufficiently deliberate" or "sufficiently culpable" to justify application of the exclusionary rule. United States v. Nicholson, 24 F.4th 1341, 1353 (11th Cir. 2022). Given the analysis of probable cause above, it was reasonable for the agent to rely on the warrant. Therefore, Leon's good faith exception to the exclusionary rule provides an alternative ground to deny Defendant's motion to suppress.

## CONCLUSION

For these reasons, the Defendant's objections (Doc. 52) are **OVERRULED**, and the report and recommendation (Doc. 48) is **ADOPTED** as the Court's opinion in this case. Defendant's motion to suppress (Doc. 27) is **DENIED**.

SO ORDERED this 9th day of May 2023.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA